EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a case for an attorney’s fee.
The plaintiff, a practicing attorney, sued the defendant, his former client, for professional work and labor performed for the defendant. The client answered the attorney’s complaint and demanded a trial by jury. After an adverse final judgment, the client has appealed.
The defendant admittedly retained the services of the plaintiff as his attorney in a contested divorce action which had been instituted by the client’s wife. The client paid a $500 retainer fee to the attorney at that time. For approximately two and one-half months the attorney represented the client until an apparent oral settlement of the divorce litigation was evidently reached on December 8, 1982. On the following day, the client called the attorney and relieved the attorney from further representing him, hence this suit for a balance of attorney’s fees. The client employed other counsel and the divorce case was tried to a result approximately identical to the provisions of the aborted settlement.
In his work and labor case against the client, the attorney filed a motion for a summary judgment and the trial court rendered the following final judgment on March 28, 1983:
“Plaintiff having moved the Court for Summary Judgment and submitted for ruling on the 22 March 1983, upon the plaintiff’s complaint, the defendant’s answers and answers as amended, the plaintiff’s answers to interrogatories and supplements thereto, the depositions of the plaintiff, defendant and Frank Ralph.
“In examining the pleadings, interrogatory answers and depositions, the Court finds that this cause claims for work and labor done, and as a matter of law the plaintiff could recover only the reasonable value of the work and labor performed for the benefit of the defendant.
“The defendant in his deposition admits without controversy and issue that he owes to the plaintiff a reasonable fee for the work and labor performed by the plaintiff and further admits that in his opinion a reasonable hourly rate for the plaintiff to charge would be between $75.00 and $100.00 per hour. This, too, is without controversy. The plaintiff in his answer to defendant’s interrogatories duly sworn to that a total of 97 hours was spent in representing the defendant, all of which was necessary and to the benefit of the defendant. The number of hours and the actual work performed is without controversy or issue (Emphasis supplied.)
“Therefore, it appears to the Court that there is no genuine issue as to any material fact and that the plaintiff is entitled to a judgment as a matter of law.
“It is THEREFORE, ORDERED AND ADJUDGED by the Court as follows:
“1. That the Summary Judgment is granted hereby in favor of the plaintiff and against the defendant and that the plaintiff recover of the defendant the sum of $8,487.50 together with costs of this action, for which let execution issue.”
The defendant’s deposition was a portion of the evidence which was submitted to the trial court for a decision upon the motion for a summary judgment.. In that deposi *804 tion, among other matters, the defendant swore the following:
“Q. Would it be fair to say that Mr. Cervera has got more than eight hours in this case?
“A. Yes, he has.
“Q. Would it be fair to say that he has got more than ten hours in this case?
“A. I would say somewhere around ten.
“Q. Or twelve?
“A. It wouldn’t be over twelve. It would be between ten and twelve hours.”
At no time has any objection been made or presented to any of that testimony.
At the time of the submission of the plaintiff’s motion for a summary judgment in the trial court, a controversy thus existed as to the number of hours which the plaintiff expended in representing the defendant. While, in a trial, the jury might give little or no weight to the defendant’s testimony upon that issue, we have no present concern with the weight thereof, but, rather, we wrestle with the problem of whether there was a “gleam, glimmer, spark, the least bit, or the smallest trace in support of the non-moving party to defeat a summary judgment motion. Watkins v. St. Paul Fire and Marine Insurance Co., 376 So.2d 660 (Ala.1979).” Fountain v. Phillips, 404 So.2d 614 (Ala.1981).
The above quoted portion of the defendant’s deposition is, at least, a scintilla of evidence which contradicts the plaintiff’s amended answers to interrogatories to the effect that the attorney expended ninety-seven hours in representing the defendant. Thus, the amount of the attorney’s time which was so spent was in direct controversy and a genuine issue existed as to such material fact. The defendant presented such a scintilla of evidence as to defeat summary judgment if the theory of the attorney’s entitlement is a reasonable fee basis. Wilson v. Liberty National Life Insurance Co., 331 So.2d 617 (Ala.1976). The evidence is even more in total dispute if the attorney’s theory of recovery is founded upon an agreement for a contingent fee.
We must reverse and remand.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
REVERSED AND REMANDED.
All the Judges concur.